Marie Del VALLE, by her next friend, Cory SIGETTE, Plaintiffs,

v.

Gordon TAYLOR, Sheriff of Grand Forks County, North Dakota, Bud Ellefson, Lloyd E. Rath, Grand Forks County Deputy Sheriffs, Karen Ann Kiefel, Grand Forks County Detention Center Attendant, Hugh Gallagher, Chief Probation Officer, Grand Forks County Juvenile Court, Dennis Herbeck, Dorothy Ramberg, Grand Forks County Juvenile Supervisors, Emmons Christopher,

James A. Earl, Robert Kinney, Neil Hensrud, Donald "Tim" Matteson, Individually and as Members of the Grand Forks County Commission, Grand Forks County, North Dakota, a political subdivision, Art Sanborn, Wayne Waggonmaker, Dennis Eggebraten, officers and Employees of the Grand Forks Police Department, Grand Forks, North Dakota, H.C. "Bud" Wessman, Mayor. of the City of Grand Forks, North Dakota, Allan Pearson, Markus L. Dahl, Michael Polovitz, Ludwik Kulas, Neome Bushaw, Marvin Dehn, Reuben Larson, Robert Hanson, Joe Ford, Dennis Johnson, Arden Shores, Richard Shea, James Johnson, Tom Hagness, Aldermen for the City of Grand Forks, North Dakota, City of Grand Forks, North Dakota, a Municipal Corporation, Gary Cariveau, Odney Ellingson, Curtis Ellingson, Michael Lealos, Officers and Employees of the East Grand Forks Police Department, East Grand Forks, Minnesota, Louis A. Murray, Mayor of the City of East Grand Forks, Minnesota, Paul J. Hanson, Al Lafave, George E. Wogaman, City Councilmen and Members of the Police-Fire Committee, City of East Grand Forks, Minnesota, and City of East Grand Forks, Minnesota, a Municipal Corporation, Defendants.

Civ. No. A2–83–148.

United States District Court,
D. North Dakota,
Northeastern Division.

July 10, 1984.

C. Nicholas Vogel, Fargo, N.D., for plaintiffs.

E. Thomas Conmy III, Nilles, Hansen, Magill & Davies, Ltd., Fargo, N.D., for defendants Cariveau, Ellingson, Ellingson, Lealos, Murray, Hanson, Lafave, Wogaman and City of East Grand Forks, Minn.

Robert O. Wefald, Atty. Gen., Kathryn Dietz and Nancy Hoff, Asst. Attys. Gen., Bismarck, N.D., for defendants Ramberg and Herbeck.

Paul E. Grinnell, Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for defendants Sanborn, Waggonmaker, Eggebratten, Wessman, Pearson, Dahl, Polovitz, Kulas, Bushaw, Dehn, Larson, Hanson, Ford, Johnson, Shores, Shea, Johnson, Hagness and City of Grand Forks.

Robert Vaaler and Ed Gillig, Sp. Asst. Atty. Gen., Grand Forks, N.D., for defendant Hugh Gallagher.

Evan F. Heustis, Haugland & Heustis, Devils Lake, N.D., for defendants Gordon Taylor, Ellefson, Rath, Koefel, Christopher, Earl, Kenney, Hensrud, Matteson, Grand Forks County.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

A discovery conference, pursuant to rule 26(f) of the Federal Rules of Civil Proce-

dure, was held at which the court inquired, pursuant to rule 11, whether the claim asserted against each individual defendant named in the complaint was well grounded in fact and warranted by law. In addition, the court heard arguments on the motions of Defendant Dorothy Ramberg and Dennis Herbeck for judgment on the pleadings or summary judgment and the motion of Plaintiff to amend her complaint.

### Rule 11 Inquiry

Plaintiff has alleged claims against several defendants that are not warranted by law.

■■■ The doctrine of respondeat superior is inapplicable to actions brought pursuant to 42 U.S.C. § 1983. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978); *Cotten v. Hutto,* 577 F.2d 453, 455 (8th Cir.1978). In addition, mere allegations of failure to act, without allegations of affirmative conduct or direct responsibility for the actions of others, are insufficient to state a cause of action under 42 U.S.C. § 1983. *Rizzo v. Goode,* 423 U.S. 362, 375–77, 96 S.Ct. 598, 606–07, 46 L.Ed.2d 561 (1976). As such, Plaintiff has failed to state a cause of action against the following defendants: Gordon Taylor, who is the sheriff of Grand Forks County; Emmons Christopher, James A. Earl, Robert Kinney, Neil Hensrud, and Donald Matteson, who are members of the Grand Forks County Commission; County of Grand Forks; H.C. "Bud" Wessman, who is the mayor of Grand Forks; Allan Pearson, Markus L. Dahl, Michael Polovitz, Ludwik Kulas, Neome Bushaw, Marvin Dehn, Reuben Larson, Robert Hanson, Joe Ford, Dennis Johnson, Arden Shores, Richard Shea, James Johnson, and Tom Hagness, who are Grand Forks City aldermen; City of Grand Forks; Louis A. Murray, who is the mayor of East Grand Forks; Paul J. Hanson, Al Lafave, and George E. Wogaman, who are city councilmen and members of the Police-Fire Committee for the City of East Grand Forks; and the City of East Grand Forks. The claims against the defendants listed above are dismissed.

At the conference the court granted Plaintiff's motion to dismiss her claims against Defendant Art Sandborn, a police officer in the Grand Forks Police Department, and Defendant Dorothy Ramberg, a juvenile court supervisor.

### Motion for Judgment on the Pleadings or Summary Judgment

Defendants Dorothy Ramberg and Dennis Herbeck, who are Grand Forks County Juvenile Supervisors, moved for judgment on the pleadings or summary judgment. Defendant Ramberg's motion is now moot. Herbeck contends he is entitled to absolute judicial immunity, and this action against him should be dismissed.

Herbeck is alleged to have done the following acts: participated in the decision to authorize a pick-up order for Plaintiff based upon his conversations with Plaintiff's mother; visited the Grand Forks County Detention Center when the plaintiff was incarcerated there; viewed the audiovideo film in question; failed to attempt to remove the plaintiff from the above adult correction facility; and caused the plaintiff to be incarcerated subsequently for several days at the Grand Forks County Juvenile Detention Center without due process.

■■■ Government officials are entitled to immunity from suits for damages to shield them from undue interference with their duties and from potentially disabling threats of liability. *Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Absolute and qualified immunity are the two types of immunity generally recognized. Absolute immunity is given to officials whose special functions or constitutional status require complete protection from suit. *Id.* at 807, 102 S.Ct. at 2732. Absolute immunity defeats a suit at the outset if the official's actions are within the scope of the immunity. Absolute immunity has been accorded to judges, *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); to prosecutors, *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); to legislators, *Eastland v. United States Ser-*

*vicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); and to federal agency officials who perform adjudicating or prosecutorial functions, *Butz v. Economu,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

■ Qualified immunity is asserted as a defense and shields government officials performing discretionary functions from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2739.

■ The Supreme Court recently has emphasized a functional approach to immunity law. *Id.* at 810, 102 S.Ct. at 2734; *Butz v. Economu,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The type of immunity given to a particular official depends on the nature of the official's act rather than the official's position in the government. *Ray v. Pickett,* 734 F.2d 370 (8th Cir.1984).

■ In this case Defendant Herbeck contends he is entitled to absolute judicial immunity because the acts allegedly done by

him were within the scope of traditionally judicial activity. Defendant Herbeck allegedly participated in the decision to authorize the pick-up order for Plaintiff. Assuming the allegations are true, this court holds that when a juvenile supervisor must determine whether reasonable grounds exist to take a child into custody, pursuant to section 27–20–13 of the North Dakota Century Code, the juvenile supervisor is performing a traditionally judicial function.[1] The determination by the juvenile supervisor pursuant to section 27–20–13 is similar to the judicial determination of whether probable cause to arrest exists. It is distinguished from an arrest by a police officer, who must seek a judicial determination as to whether probable cause to arrest exists either prior to or, without unnecessary delay, after the arrest.

Plaintiff has alleged that Defendant Herbeck caused Plaintiff to be incarcerated for several days at the Grand Forks County Juvenile Detention Center without due process. Herbeck, as a juvenile supervisor, had authority to take into custody and detain juveniles pursuant to sections 27–20–06 and –13 of the North Dakota Century

---

1. Section 27–20–06, of the North Dakota Century Code provides:

1. For the purpose of carrying out the objectives and purposes of this chapter and subject to the limitations of this chapter or imposed by the court, a juvenile supervisor shall:

a. Make investigations, reports, and recommendations to the juvenile court.

b. Receive and examine complaints and charges of delinquency, unruly conduct, or deprivation of a child for the purpose of considering the commencement of proceedings under this chapter.

c. Supervise and assist a child placed on probation or in his protection, supervision, or care by order of the court or other authority of law.

d. Make appropriate referrals to other private or public agencies of the community if their assistance appears to be needed or desirable.

e. Take into custody and detain a child who is under his supervision or care as a delinquent, unruly, or deprived child if he has reasonable cause to believe that the child's health or safety is in imminent danger, or that he may abscond or be removed from the jurisdiction of the court, or when ordered by the court pursuant to this chapter. Except as

provided by this chapter, a juvenile supervisor does not have the powers of a law enforcement officer. He may not conduct accusatory proceedings under this chapter against a child who is or may be under his care or supervision.

f. Administer oaths.

g. Take acknowledgements of instruments for the purpose of this chapter.

h. Make such temporary order not to exceed thirty days for the custody and control of a deprived child as he may deem appropriate.

i. Perform all other functions designated by this chapter or by order of the court pursuant thereto, including, if qualified, those of a referee. Juvenile supervisors who are serving as juvenile commissioners on the effective date of this chapter may perform the functions of a referee under this chapter without being members of the bar.

j. Perform such functions relating to domestic relations matters as directed by his appointing district judge, acting in accordance with section 27–05–29.

2. Any of the foregoing functions may be performed in another state if authorized by the court of this state and permitted by the laws of the other state.

N.D.Cent.Code § 27–20–06.

Code. Section 27–20–14[2] provides for detention of a juvenile pending a hearing. A decision whether to continue detention of a child is similar to the judicial act of determining whether probable cause exists to continue custody of an accused. Therefore, Defendant Herbeck is entitled to absolute immunity for his alleged decision to continue detention of Plaintiff.

In addition, Plaintiff alleges that Herbeck visited the Grand Forks County Detention Center when Plaintiff was incarcerated there, that he viewed the audiovideo film in question, and that he failed to attempt to remove Plaintiff from the above adult correctional facility. This conduct is also judicial in nature and is included in Herbeck's immunity.

The court concludes Defendant Herbeck is entitled to absolute immunity for the conduct alleged in the complaint and amended complaint.

### Motion to Amend Complaint

On March 13, 1984, Plaintiff moved to amend the complaint Defendants have not opposed the motion to amend. Justice requires the allowance of leave to amend the complaint in a manner consistent with this memorandum and order. In addition, Cory Sigette was removed as a plaintiff in this case in the amended complaint, and he is dismissed as a plaintiff in this case with prejudice.

**IT IS ORDERED** claims against the following defendants are dismissed pursuant to rules 11, 16, and 41(b): Gordon Taylor, Emmons Christopher, James A. Earl, Robert Kinney, Neil Hensrud, Donald Matteson, County of Grand Forks, H.C. "Bud" Wessman, Allan Pearson, Markus L. Dahl, Michael Polovitz, Ludwik Kulas, Neome Bushaw, Marvin Dehn, Reuben Larson, Robert Hanson, Joe Ford, Dennis Johnson, Arden Shores, Richard Shea, James John-son, Tom Hagness, City of Grand Forks, Louis A. Murray, Paul J. Hanson, Al Lafave, George E. Wogamen, and the City of East Grand Forks. The Clerk of Court is directed to delete the foregoing names from the caption of this case.

On Plaintiff's motion, **IT IS FURTHER ORDERED** Plaintiff's claims against Art Sandborn and Dorothy Ramberg are dismissed.

**IT IS FURTHER ORDERED** judgment on the pleadings be entered on the claims asserted against Defendant Dennis Herbeck.

**IT IS FURTHER ORDERED** Plaintiff's motion to amend the complaint is granted, the amended complaint to be consistent with the court's rulings herein.

---

**2.** Section 27–20–14 provides:
   A child taken into custody shall not be detained or placed in shelter care prior to the hearing on the petition unless his detention or care is required to protect the person or property of others or of the child or because the child may abscond or be removed from the jurisdiction of the court or because he has no parent, guardian, or custodian or other person able to provide supervision and care for him and return him to the court when required, or an order for his detention or shelter care has been made by the court pursuant to this chapter.
N.D.Cent.Code § 27–20–14.